UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JAY SINGER,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>DEBORAH LEE JAMES, SECRETARY, DEPARTMENT OF THE AIR FORCE OF THE UNITED STATES,<br><br>　　　　　Defendant. | Case No. 2:16-cv-02681-APG-GWF<br><br>**ORDER DENYING MOTION FOR ENTRY OF CLERK'S DEFAULT**<br><br>(ECF No. 7) |

　　　　Plaintiff Jay Singer filed suit against Deborah Lee James, Secretary of the Department of the Air Force, for age discrimination. ECF No. 1.  He attempted service by sending certified mail to Andrews Air Force Base in Maryland. ECF No. 6.  Singer moves for entry of clerk's default because the defendant has not answered or otherwise responded. ECF No. 7.

　　　　Singer is not entitled to an entry of default because he has not shown proper service. Under Federal Rule of Civil Procedure 4(i)(1), a party serving the United States must:

> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk--or
>
> 　(ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>
> (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Under Rule 4(i)(2), to "serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee."  Finally, under Rule 4(i)(3), to "serve a United States officer

or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g)."

There is no indication that Singer served the United States Attorney for the District of Nevada or the Attorney General of the United States. Thus, Singer has not shown proper service under Rule 4(i)(1). Moreover, it is unclear from the complaint whether defendant James is sued in her official capacity, her individual capacity, or both, and thus it is not clear that service has been properly accomplished under Rule 4(i)(2) or (3).

IT IS THEREFORE ORDERED that plaintiff Jay Singer's motion for entry of clerk's default **(ECF No. 7) is DENIED**.

DATED this 1st day of February, 2017.

ANDREW P. GORDON  
UNITED STATES DISTRICT JUDGE